

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MANUAL IBARRA, et al.,

Plaintiffs,

vs.

TRIMARK FUNDING, INC., et al.,

Defendants.

CASE NO. 10-CV-0043 W (WVG)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 7)**

Pending before the Court is Defendant Chase Home Finance LLC's ("Chase") motion to dismiss.  Plaintiffs Manual Ibarra and Margarita Ibarra oppose.

The Court decides the matter on the papers submitted and without oral argument.  See Civ.L.R. 7.1(d.1).  For the reasons stated herein, the Court **GRANTS** Chase's Request for Judicial Notice ("RJN") [Doc. 7-2], and **GRANTS** the motion to dismiss [Doc. 7].

//
//
//
//

-1-

10cv0043

1   I.   BACKGROUND

2        The following allegations are taken from the First Amended Complaint ("FAC").

3        This lawsuit arises from Plaintiffs' refinance of their primary residence, located at

4   1013 Desert View Street, Calexico, California 92243 (the "Property"). (*FAC.* [Doc. 6],

5   ¶ 5.)  The Property was refinanced with two loans.  The first was financed by Defendant

6   Trimark Funding, Inc., and serviced by Defendant Bank of America Home Loans

7   Servicing ("BAC").  (*Id.*, ¶¶ 5, 6.)  The second loan was financed by Washington

8   Mutual Bank, F.A. ("WaMu") (*RJN*, Ex. 2), and serviced by Defendant Chase

9   (*FAC*, ¶ 6).

10       Plaintiffs allege that during the loan application process, Defendants Trimark and

11  Chase overstated Plaintiffs' income and understated their ultimate interest rate in order

12  to qualify Plaintiffs for the loans. (*FAC*, ¶¶ 7, 8.)  As a result, Plaintiffs' debt-to-income

13  ratio ended up being 94.2%. (*Id.*, ¶ 8.)  Plaintiffs also allege other improprieties with the

14  loans.  Specifically, Plaintiffs allege that they "did not receive two copies of the Notice

15  of Right to Cancel or any initial Good Faith Estimate or TIL disclosures for either of the

16  loans." (*FAC*, ¶¶ 11–12.)

17       Eventually, Plaintiffs began having difficulty paying their mortgage, and were sent

18  a Notice of Default. (*FAC*, ¶ 13.)  On January 7, 2010, Plaintiffs filed this lawsuit.  The

19  FAC contains eight state-based causes of action, and three federal claims.

20       On April 19, 2010, Defendants filed a motion to dismiss the original complaint.

21  In response, on May 13, 2010, Plaintiffs filed the FAC, thereby mooting the motion to

22  dismiss.  On June 1, 2010, Defendants filed the current motion to dismiss the FAC.

23

24  II.  LEGAL STANDARD

25       The court must dismiss a cause of action for failure to state a claim upon

26  which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss under Rule

27  12(b)(6) tests the complaint's sufficiency.  See North Star Int'l v. Arizona Corp.

28  Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint,

1  "even if doubtful in fact," are assumed to be true. Id.  The court must assume the truth

2  of all

3  factual allegations and must "construe them in light most favorable to the nonmoving

4  party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v.

5  Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

6     As the Supreme Court recently explained, "[w]hile a complaint attacked by a

7  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

8  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

9  and conclusions, and a formulaic recitation of the elements of a cause of action will not

10  do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).  Instead, the

11  allegations in the complaint "must be enough to raise a right to relief above the

12  speculative level." Id. at 1964-65.  A complaint may be dismissed as a matter of law

13  either for lack of a cognizable legal theory or for insufficient facts under a cognizable

14  theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

15     Generally, courts may not consider material outside the complaint when ruling

16  on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

17  1542, 1555 n.19 (9th Cir. 1990).  However, courts may consider documents specifically

18  identified in the complaint whose authenticity is not questioned by parties. Fecht v.

19  Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other

20  grounds).  Moreover, courts may consider the full text of those documents, even when

21  the complaint quotes only selected portions. Id.  Courts may also consider material

22  properly subject to judicial notice, such as matters of public record, without converting

23  the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th

24  Cir. 1994) (citing Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.

25  1986); abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino,

26  501 U.S. 104 (1991)).

27

28

10cv0043

III.   DISCUSSION

   A.   Judicial notice of Plaintiffs' trust deeds is appropriate.

   Chase's motion to dismiss includes a request for judicial notice of Plaintiffs' first and second deeds of trust.  (*See RJN*, Exs. 1, 2.)

   Requests for judicial notice are governed by Federal Rule of Evidence 201(b), which provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Courts may take judicial notice of matters of public record on a motion to dismiss. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Fortaleza v. PNC Financial Services Group, Inc., 642 F.Supp.2d 1012, 1019 (N.D.Cal. 2009) (granting judicial notice of Notice of Trustee's Sale and Notice of Default recorded in county's official records).  Accordingly, the Court will grant Chase's request for judicial notice.

   B.   Plaintiffs failed to state a claim for intentional misrepresentation.

   Plaintiffs' first claim is for intentional misrepresentation.  Chase argues the claim should be dismissed because, among other reasons, it is not pled with sufficient particularity, and Chase was not involved in the origination of the loan.  The Court agrees.

   The following elements are required to state a claim for intentional misrepresentation under California law: (1) a false representation; (2) knowledge of the falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages. Philipson & Simon v. Gulsvig, 154 Cal.App.4th 347, 363 (2007).  Moreover, Federal Rule of Civil Procedure 9(b) requires fraud-based claims to be pled with particularity.  See Neilson v. Union Bank of California, N.A., 290 F.Supp.2d 1101, 1141 (C.D.Cal. 2003) ("claim for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity

requirements."). In <u>In re GlenFed, Inc. Securities Litigation</u>, 42 F.3d 1541 (9th Cir. 1994) (superseded by statute on other grounds), the Ninth Circuit explained that this rule requires,

> more than simply a reiteration of requirements stated elsewhere. Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place, and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not 'constitute' fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth.

<u>Id.</u> at 1547–1548. Additionally, where the fraud-based claims are being asserted against multiple defendants, the plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" <u>Spencer v. DHI Mortg. Co., Ltd.</u>, 642 F.Supp.2d 1153, 1164 (E.D.Cal. 2009) (citations omitted).

Here, Plaintiffs' intentional misrepresentation claim is based on the following general allegations of misconduct: (1) falsely inflating Plaintiffs' stated income on the loan application; (2) failing to inform Plaintiffs that they would not qualify for the loan based on their true income; (3) failing to properly assess Plaintiffs' ability to repay the loan; (4) placing Plaintiffs into a loan they would default on; (5) failing to "look-out" for Plaintiffs' best interests; (6) only being interested in getting points, fees and high interest rates from Plaintiff; and (7) approving the loan based on credit scores and the belief that the property would increase in value. (*FAC*, ¶ 22a–g.) But this conduct relates to the origination of the loans, and there are no allegations in the FAC that even remotely suggest that Chase was involved in that process. To the contrary, the FAC concedes that "Chase was not the funding lender on Plaintiff's loan. . . " (*FAC*, ¶ 20), and the trust deeds identify Trimark as the lender of the first loan (*RJN*, Ex. 1, ¶ (C)), and Washington Mutual as the lender of the second loan (*Id.*, Ex. 2, at 1). Because there are no allegations that Chase was involved in the loans' application process, Plaintiffs failed to state an intentional misrepresentation claim against Chase.

10cv0043

1    Plaintiffs nevertheless argue that JP Morgan Chase purchased Washington

2  Mutual, and thus is liable for WaMu's debts. (*Opp'n*, 5:17–6:10.)  But these allegations

3  are not included in the FAC.  Moreover, even assuming JP Morgan Chase purchased

4  WaMu's debts **and** agreed to assume all liabilities, JP Morgan Chase is not a defendant

5  in this action.

6    Finally, Plaintiffs' intentional misrepresentation claim is also deficient because it

7  does not tie the specific allegations of wrongdoing to any specific defendant, nor do

8  Plaintiffs identify with sufficient particularity when the alleged wrongful conduct

9  occurred.  In short, this cause of action fails to comply with Federal Rule of Civil

10  Procedure 9.  Accordingly, Plaintiffs' intentional misrepresentation claims must be

11  dismissed.

12

13    **C.**     **Plaintiffs failed to state a claim to quiet title.**

14    Chase argues that Plaintiffs' quiet title claim is defective because the FAC is not

15  verified.  California Code of Civil Procedure § 761.020 requires that a complaint to

16  quiet title be verified.  Because Plaintiffs' FAC is not verified, this claim is defective.

17    Chase also argues that to state a quiet title claim, Plaintiffs must set forth facts

18  that challenge the validity of the first or second deed of trust.  Plaintiffs respond that the

19  fraud claims sufficiently challenge the validity of the trust deeds.  However, for the

20  reasons discussed above (*see Sec. III.B.*), Plaintiffs failed to state a claim for fraud.

21  Accordingly, for this additional reason, Plaintiffs failed to state a claim to quiet title

22  against Chase.

23

24    **D.**     **Plaintiffs failed to state a claim for Violation of California Financial**

25           **Code § 4970.**

26    Plaintiffs contend that Chase has violated California Financial Code § 4970.

27  Chase argues that the statute covers lenders, and because Chase is not the lender for

28  either loan, it is not liable under section 4970.  The Court agrees.

Section 4973 identifies prohibited acts and limitations for covered loans. The section specifically precludes and limits certain terms from being included in a "covered loan," as well as certain conduct by those who originate such loans. See Cal. Fin. Code § 4970(a)–(n). Based on these provision, it is clear that section 4970 covers lenders who negotiate the terms of the loans, and not servicers such as Chase, who become involved with the loans after their execution. Moreover, as Chase points out, this conclusion is supported by the legislative comment, which states that the legislation is aimed at stemming the practices of a "small minority of *lenders*." See Fin. Code § 4973, comment (emphasis added).

Plaintiffs do not dispute that section 4973 is aimed at lenders, but instead assert that Chase should be liable for WaMu's conduct. As discussed above, the FAC and Plaintiffs' opposition are devoid of any factual allegations or law suggesting that Chase is liable for WaMu's liabilities. Because Chase was not the lender for either loan, Plaintiffs have failed to state a claim for violation of section 4970 against Chase.

**E.** **Plaintiffs failed to state a claim for an accounting based on RESPA violations.**

Plaintiffs' fifth cause of action alleges that Chase violated RESPA by failing to respond to their Qualified Written Request ("QWR"). Plaintiffs seek an accounting based on this alleged violation. Chase contends, among other things, that Plaintiffs have failed to adequately plead the elements of a QWR, and that Plaintiffs are not entitled to an accounting under the facts pled. The Court agrees.

RESPA requires "any servicer of a federally related mortgage loan" to respond in writing within a specified period to a QWR "from the borrower (or an agent of the borrower) for information relating to the servicing of such loan. . . ." 12 U.S.C. § 2605(e)(1)(A). RESPA defines a QWR as follows:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiffs allege simply that "[o]n or about September 16, 2009, Plaintiffs, through counsel, sent a [QWR] via certified mail to BAC and Chase. . . ." (*FAC*, ¶52.) The FAC then lists the information sought. (*Id.*) Absent from the FAC are factual allegations demonstrating that the QWR included information that would enable Chase to identify the borrowers' names and account, as well as a statement of the reasons the borrowers believed the account was in error.

Additionally, the Court is unaware of any statutory basis for an accounting under RESPA. See Orozco v. DHI Mortgage, Co. Ltd, LP, 2010 WL 2757283, *6 (S.D.Cal. 2010) (citing, Gaitan v. Mortgage Elec. Registration Sys., 2009 WL 3244729, *13 (C.D.Cal. 2009). For these reasons, Plaintiffs' fifth cause of action fails to state a claim for relief.

**F.      Plaintiffs' TILA and RESPA-disclosure claims are time barred.**

RESPA claims are subject to a one-year limitations period. See 12 U.S.C. § 2614. Similarly, TILA damage claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). TILA recision claims are subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). The statute runs from the consummation of the loan. Meyer v. Ameriquest Mort. Co., 331 F.3d 1028 (9th Cir. 2003).

Here, Plaintiffs' first loan closed in May 2006, and the second loan closed in September 2006. (*RJN*, Exs. 1, 2.) Because this lawsuit was not filed until January 7, 2010, Plaintiffs' TILA and RESPA claims are time barred unless the statute of limitations was tolled.

1    Equitable tolling "suspend[s] the limitations period until the borrower discovers
2  or had reasonable opportunity to discover the fraud or nondisclosures that form the basis
3  of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).
4  "[W]here a plaintiff has been injured by fraud and 'remains in ignorance of it without
5  any fault or want of diligence or care on his part, the bar of the statute does not begin
6  to run until the fraud is discovered, though there be no special circumstances or efforts
7  . . . to conceal it from the knowledge of the other party.' [Citation omitted.]" In re
8  United Ins. Management, Inc., 14 F.3d 1380, 1384 (9th Cir. 1994).  Equitable tolling
9  "applies in situations . . . 'where the complainant has been induced or tricked by his
10 adversary's misconduct into allowing the filing deadline to pass.'" Velazquez v. GMAC
11 Mortg. Corp., 605 F.Supp.2d 1049, 1061 (C.D.Cal. 2008) (quoting O'Donnell v.
12 Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2008)).

13    In the opposition, Plaintiffs argue that the TILA and RESPA claims are not time
14 barred because they did not discover the defective condition of their loans until their
15 attorney conducted a forensic review of the loan documents.  (Opp'n., 11:13–17.)  But
16 Plaintiffs specifically acknowledge in the FAC that "the deficiencies in Plaintiff's [sic]
17 loan documents were apparent on the face of the loan documents when Defendant's
18 Bank of America and Chase purchased and began servicing said loan."  (FAC, ¶ 61.)
19 Based on this allegation, Plaintiffs – like Bank of America and Chase – should have been
20 aware of the alleged deficiencies when they reviewed the loan documents.  Moreover,
21 the FAC is completely devoid of any allegation suggesting that Defendants induced or
22 tricked Plaintiffs into allowing the filing deadline to pass.  Accordingly, the Court finds
23 tolling is not warranted, and the TILA and RESPA claims are time barred.[1]

24
25
26
27
28

_____

[1]Because Plaintiffs' 5th cause of action for violation of RESPA is based on Chase's alleged failure to respond to a QWR sent on or about September 16, 2009 (see FAC, ¶ 52), the one-year RESPA limitations period does not bar the 5th Claim for Relief.

**G.** **Plaintiffs failed to state a claim for violation of California Business & Profession Code § 17200.**

Chase argues that Plaintiffs have failed to state a claim for violation of California Business & Professions Code § 17200.  The Court agrees.

Business & Professions Code § 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising."  An unlawful business practice includes "anything that can properly be called a business practice and that at the same time is forbidden by law." Barquis v. Merchants Collection Assn., 7 Cal.3d 94 (1972).  Because section 17200 borrows from other laws, there must be a violation of the predicate law in order to proceed with a 17200 claim. Rothschild v. Tyco Int'l, Inc., 83 Cal. App. 4th 488 (Cal. Ct. App. 2000).

Here, Plaintiffs have failed to identify the violation of a predicate law by Chase. Additionally, the FAC is devoid of any allegations suggesting that Chase engaged in unfair or fraudulent business practices.  Accordingly, Plaintiffs' section 17200 claim is insufficiently pled.

**H.** **There is no private right of action under Civil Code § 2923.6.**

Plaintiffs are asserting a cause of action for violation of California Civil Code § 2923.6.  This section provides:

Civil Code § 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply: (1) The loan is in payment default, or payment default is reasonably foreseeable. (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis. (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized

10cv0043

agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

Similar to other district courts that have faced this issue, this Court finds the permissive language of § 2923.6(b) does not provide a cause of action for Plaintiffs. See Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1052 (E.D.Cal. 2009) ("[T]he language of section (b) belies the imposition of any duty to engage in loan modification discussions, as the provision merely expresses legislative "intent" that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification if doing so is consistent with its authority."); see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1188 (N.D.Cal. 2009) ("The Court finds that the wording in Section (b) does not impose any duty on Defendants. Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action.").   Accordingly, Plaintiff's § 2923.6 claim must be dismissed as to all defendants.

## I.      Plaintiffs failed to state a claim for violation of California Civil Code § 2923.5.

Plaintiffs' tenth cause of action is for violation of California Civil Code § 2923.5, which requires a lender or its agent to contact the borrower before a notice of default is recorded. Chase contends this claim must be dismissed.  The Court agrees.

Although the FAC generally alleges that a notice of default was filed, Plaintiffs fail to specify who issued and recorded the alleged notice of default.  Accordingly, Plaintiffs have failed to state a claim for violation of section 2923.5 as to any Defendant. See Spencer, 642 F.Supp.2d at 1167 (dismissing claim for violation of section 2923.5 because "the complaint fails to identify who issued and recorded the notice of default.").

//
//
//
//

-11-

10cv0043

**J.**     **Plaintiffs failed to state a claim for violation of California Civil Code §**
**1632.**

California Civil Code § 1632, the Foreign Language Contract Act ("FLCA"), provides in relevant part:

> (b) Any person engaged in a trade or business who negotiates primarily in Spanish, . . . orally or in writing, . . . shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated.

As discussed above, Chase was not involved in negotiating either of the subject loans. Accordingly, assuming the FLCA applied to Plaintiffs' loans, Chase is not liable under the FLCA.

## IV.     CONCLUSION & ORDER

Because Plaintiffs filed the FAC, Chase's original motion to dismiss (Doc. 4) is **DENIED** as moot. However, for the foregoing reasons, the Court **GRANTS** Chase's second motion to dismiss (Doc. 6) and **ORDERS** as follows:

1.     Chase's Request for Judicial Notice is **GRANTED**.

2.     The following claims are insufficiently pled, and thus **DISMISSED WITH LEAVE TO AMEND**: Intentional Misrepresentation (1st Claim for Relief); Quiet Title (3rd Claim for Relief); Violation of RESPA (5th Claim for Relief)[2]; Violation of Cal. Business & Professions Code § 17200 (8th Claim for Relief); and Violation of Cal. Civil Code § 2923.5 (10th Claim for Relief.

3.     Because Chase is not a lender, Plaintiffs' claim for Violation of California Financial Code § 4970 (4th Claim for Relief) is **DISMISSED WITHOUT**

---

[2]Plaintiffs are granted leave to amend the RESPA claim based on the Defendants alleged failure to respond to a QWR. However, for the reasons stated above, Plaintiffs' request for an accounting under RESPA is **DISMISSED WITHOUT LEAVE TO AMEND.**

10cv0043

1    **LEAVE TO AMEND** as to Chase.

2    4.    Plaintiffs' TILA (6th Claim for Relief) and RESPA (7th Claim for Relief)

3          claims are time barred, and thus **DISMISSED WITHOUT LEAVE TO**

4          **AMEND**.

5    5.    Because there is no private right of action under Cal. Civil Code § 2923.6,

6          Plaintiffs' 9th Claim for Relief is **DISMISSED WITHOUT LEAVE TO**

7          **AMEND**.

8    6.    Because Chase was not involved in the application process for either loan,

9          Plaintiffs' claim for Violation of California Civil Code § 1632 (11th Claim

10         for Relief) is **DISMISSED WITHOUT LEAVE TO AMEND** as to

11         Chase.

12   Any amended complaint must be filed on or before **August 25, 2010**.

13   Additionally, Plaintiffs and their counsel are cautioned and encouraged to review the

14   requirements of Federal Rule of Civil Procedure 11, particularly subsection (b)(3)

15   pertaining to factual contentions included in pleadings.

16

17   **IT IS SO ORDERED.**

18

19   DATED:  August 6, 2010

20   _____

21   Hon. Thomas J. Whelan
     United States District Judge

22

23

24

25

26

27

28

-13-                                                                    10cv0043